UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:06-CV-609-ORL-DAB

SALVADOR OCHOA, MIRIAM
MEDINA and FILIBERTO RICARDO,

        Plaintiffs,

vs.

ALIE BROTHERS, INC. d/b/a FABRI-
KLEEN TEXTILE SERVICES; and,
RAYMAN ALIE,

        Defendants,
_____/

**PLAINTIFFS' MOTION FOR TAXATION OF
ATTORNEY'S FEES and COSTS**

    Plaintiffs, SALVADOR OCHOA, MIRIAM MEDINA and FILIBERTO RICARDO, by and through their undersigned attorney, hereby move this Court for an award of attorney's fees and costs against the Defendants, ALIE BROTHERS, INC. d/b/a FABRI-KLEEN TEXTILE SERVICES and RAYMAN ALIE pursuant to F.R.Civ.P. 54 and 29 U.S.C. § 216(b). In support thereof, Plaintiffs submit the following memorandum of law.

**MEMORANDUM OF LAW**

    Plaintiffs sued Defendants for unpaid overtime wages under the Fair Labor Standards Act. A one day bench trial was held in this matter on September 4, 2007. On September 19, 2007, the Clerk of Court was directed to enter a judgment in favor of the Plaintiffs Salvador Ochoa, Miriam Medina and Filiberto Ricardo and against Defendants

Alie Brothers, Inc. d/b/a Fabri-Kleen Textile Services and Rayman Alie in the amounts of $42,726.00 for Salvador Ochoa, $27,206.00 for Filiberto Ricardo and $8,540.00 for Miriam Medina. As the prevailing parties, Plaintiffs are entitled to reasonable fees pursuant to 29 U.S.C. § 216(b).

## **ATTORNEYS' FEES**

The FLSA provides that the Plaintiffs shall be awarded reasonable attorney's fees and costs as prevailing parties. *See* 29 U.S.C. § 216(b). By this Court rendering judgment in favor of the Plaintiffs, the Plaintiffs are prevailing parties in this case. The award of attorney's fees to the prevailing Plaintiffs is mandatory under the FLSA. *Weisel v. Singapore Joint Ventures, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir.1979).

Once the court finds that the plaintiffs are prevailing parties, it must then determine reasonable attorney's fee to award to the plaintiffs. In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434, *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir.1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v Barnes*, 168 F.3d 423, 427 (11th Cir.1999)(quoting *Norman*, 836 F.2d at 1303) Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definitive information" concerning activities performed by each attorney. *See Malbury v. Harkness*, 923 F.Supp. 1546, 1556 (S.D.Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990). The Tenth Circuit has set forth five general standards for a court to review when assessing the reasonableness of the number of attorney hours:

(1) Whether time entries exceeding 6 to 7 hours for a single attorney on any given day reflect work that was reasonably justified;
(2) Whether time spent in each specific task was excessive;
(3) Whether work sought to be charged to the adverse party would normally be billed to a paying client;
(4) Whether any services were duplicated, and
(5) Whether time spent on the case at hand was for necessary or related matters or was nonproductive time.

*Ramos v. Lamm*, 713 F.2d 546, 552-54 (10th Cir.1983). In addition,

In reviewing each of the factors above, the result weighs in favor of the hours claimed by Plaintiffs' counsel. Plaintiffs' counsel has no time entries in excess of 7 hours. There are no examples of excessive time being spent on specific tasks. All tasks in the attorney fee affidavit are for work which would be normally billed to a paying client. There are no duplicated services. None of the time billed was nonproductive. The time records for K.E. Pantas, Esq., Charles L. Scalise, Esq. and Jay M. Yenor, III show that the Pantas Law Firm expended 115.1 hours of attorney time and 26.7 hours of paralegal time.

Once the court determines whether the hours are reasonable, it must determine the

market rate.  The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Uphoff v. Elegant Bath, Ltd*., 176 F3d 399 (7th Cir. 1999).   The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. Id.  Plaintiffs' counsel has testified that a rate of $300.00 per hour is reasonable for Attorney Pantas and Attorney Scalise, $250.00 for Attorney Jay M. Yenor, III. and $95.00 per hour is a reasonable rate for paralegal Bertha Alvarez and Becki Rodak.  This Court has previously awarded Attorney Pantas, Attorney Scalise $300.00 per hour and Attorney Jay M.Yenor, III, 250.00 per hour and paralegals Bertha Alvarez and Becki Rodak $95.00 per hour in a similar FLSA case.

Plaintiffs have retained Travis Hollifield as expert witness in this case.  Plaintiffs are currently waiting for expert witness' affidavit. Upon receipt of said affidavit Plaintiffs will file in support of Plaintiffs' Motion for fees.

## COSTS

In most civil cases, 28 U.S.C. §1920(c) governs what costs are recoverable to a prevailing party.  However, under the FLSA which allows recovery of attorney's fees, and term "attorney's fee" includes all out-of-pocket expenses in preparation for trial "for which lawyers would normally bill their clients separately." *Henry v. Webermeister*, 738 F.2d 188, 1992 (7th Cir.1984).  Such out-of-pocket expenses include copying charges, process server fees and computer-aided research.  *Doden v, Plainfield Fire Protection*

Dist., 1996 WL 18003, *4 (N.D.Ill.). Attached hereto as is a copy of Plaintiffs' Bill of Costs detailing the expenses Plaintiffs' attorney has incurred in this action. The total cost sought by Plaintiffs is $2,496.15.

WHEREFORE, Plaintiffs seek a judgment against the Defendants, as prevailing parties under the FLSA for $36,591.50 for legal fees as stated in the affidavit of K.E. Pantas, Esq., and an enhancement of the lodestar of 1.5. Plaintiff also seeks recovery of taxable costs in the amount of $2,496.15, as detailed in the Bill of Costs filed as Doc. No. 50.

### Local Rule 3.01(g) Certification.

Plaintiff's counsel certifies that he has conferred with opposing counsel concerning this motion and the parties could not reach a resolution as to the issues raised by the motion.


Date:  October 04, 2007                     /s/ K.E. Pantas
                                            K.E. PANTAS, ESQ.
                                            Florida Bar No.: 0978124
                                            PANTAS LAW FIRM, P.A.
                                            250 North Orange Avenue, 11th Floor
                                            Orlando, Florida 32801
                                            Telephone: (407) 425-5775
                                            Facsimile: (407) 425-2778
                                            E-Mail: Clerk@Pantaslaw.com
                                            Trial Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I presented the foregoing to the Clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: William N. Asma, Esq., 884 S. Dillard Street, Winter Garden, Florida 34787.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None, this 4th day of October, 2007.

／s/K.E. Pantas
K.E. PANTAS, ESQ