# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SALVADOR OCHOA, FILIBERTO RICARDO, MIRIAM MEDINA,**

        **Plaintiffs,**

**-vs-**                                               **Case No. 6:06-cv-609-Orl-DAB**

**ALIE BROTHERS, INC., d/b/a Fabri-kleen Textile Services, RAYMAN ALIE,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR TAXATION OF ATTORNEY'S FEES AND COSTS (Doc. No. 51)**
>
> **FILED:** October 4, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part. To the extent Plaintiff seeks to recover her costs, they have already been taxed by the Clerk pursuant to Federal Rule of Civil Procedure 54(d); Defendants failed to timely object within 5 days. *See* Doc. No. 54; Fed. R. Civ. P. 54(d)(1).

Plaintiffs sued Defendants for unpaid overtime and unpaid wages under the Fair Labor Standards Act. The cause came on for trial on September 4, 2007. On September 19, 2007, the Court rendered verdicts in favor of Plaintiffs and against Defendants; judgment was entered on September 20, 2007. Doc. No. 49. Plaintiffs now move for their attorney's fees and costs as the prevailing party, 29 U.S.C. § 216(b). The Motion is opposed by Defendants. *See* Doc. No. 58.

The American Rule provides that in the absence of legislation providing otherwise, each party must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244 (1975). Congress has provided limited exceptions to this rule, including 29 U.S.C. § 216(b), which makes an award of attorney's fees mandatory to the prevailing Plaintiff under the FLSA. *Weisel v. Singapore Joint Ventures, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). By virtue of the judgment for Plaintiffs rendered on September 20, 2007, Plaintiffs are the prevailing parties; thus, they are entitled to an award of reasonable attorney's fees.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990). With respect to rates, an applicant may meet her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The Court has reviewed the Motion for Attorney's Fees and the exhibits, as well as the applicable law and Defendants' Response (Doc. No. 58), which did not oppose the *rates* sought, and finds that the hourly rates are reasonable. However, reductions to the hours submitted, as disputed by Defendants, are warranted.

### *Reasonable Rate*

The Court has carefully considered the *Norman*/*Johnson* factors listed above, as well as the affidavits and evidence (Doc. Nos. 51, 55) presented by the parties. Additionally, the Court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303. Based upon a review of the evidence, the Court determines that the hourly rates charged are reasonable as the prevailing market rates for similar services: Konstantine Pantas, with 13 years litigation experience in Florida and prior experience in Pennsylvania – $300.00 an hour; Charles Scalise, with 17 years litigation experience – $300.00 per hour; Jay Yenor, with 14 years experience – $250.00 an hour; and $95 per hour for paralegal work.

Plaintiff filed in support the expert affidavit of Travis Hollifield, who has eleven years of experience in labor and employment law cases in Orange County, Florida; Mr. Hollifield opines that

the rates sought are reasonable. Doc. No. 55-2. They are consistent with the rates awarded previously in this district for similarly experienced counsel. *See, e.g., American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1311-12 (M.D. Fla. 2003) (awarding rates of $250-275 for partner-level counsel with fourteen to twenty-three years experience and $190 for other attorney work in a Middle District of Florida civil rights case in June 2003).

### *The Amount of Hours*

Plaintiff's counsel claims 115.1 hours for time expended by counsel and 26.7 hours by paralegals. The expert affidavit of Travis Hollifield filed in support by Plaintiff opines that the number of hours sought are reasonable. Doc. No. 55-2. Defendants specifically oppose certain time entries as unnecessary or overstated. Doc. No. 58.

Under *Hensley*: "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." 461 U.S. at 434. The Court, likewise must impose a "billing judgment" limit on the amount of time reasonably compensable in a particular case. Accordingly, a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997). Objections to time records must be specific and accompanied by an explanation supporting the challenge and, unless clearly non-compensable, all hours should be accepted. When a defendant has not disputed the plaintiff's computation of the amounts in the time records, the adjusted totals will be calculated simply by subtracting from the plaintiff's total the amounts that are determined to be excludable.

Defendants contend that the time sheet submitted by Plaintiffs' counsel reflects excessive or vaguely-defined time. For instance, Defendants point to time entries comprising 26 hours, which are labeled simply "Prepare for Trial" or "conference with client in prep for trial." Doc. No. 52-3 (entries

for Sept. 1 to Sept. 3, 2007).  The Court agrees with Defendants that 26 hours to prepare for a one-day bench trial is excessive and will reduce those entries to 15 total hours for trial preparation. Defendants also object to excessive amounts of time (.2 rather than .1) spent on simple tasks such as reviewing letters and faxes.  The Court will reduce Mr. Scalise's time by 2.0 for excessive time to review simple and familiar items in this FLSA case.  Defendants also object to duplicate time spent by Plaintiffs' attorneys, such as 6 hours spent auditing time records, 4.5 extra hours taking depositions of Plaintiffs and Defendant, and an extra 6 hours at mediation.  *See* Doc. No. 58.  This time is duplicative and will be deducted from the hours sought.

## *CONCLUSION*

The Court finds that a reasonable attorney's fee is **$27,741** based on the following calculations:

| Attorney | Years of Experience | Hours Sought | Hours Awarded | Reasonable Rates | Total |
|---|---|---|---|---|---|
| Pantas | 13[*] | 97.1 | 69.6 | $300 | $20,880 |
| Scalise | 17 | 8.5 | 6.5 | 300 | 1,950 |
| Yenor | 14 | 9.5 | 9.5 | 250 | 2,375 |
| Paralegals | varied | 26.7 | 26.7 | 95 | 2,536 |
| Total | | | | | **$27,741** |

Plaintiffs' Motion for Taxation of Attorney's Fees (Doc. No. 51) is **GRANTED in part**. Plaintiff is awarded **$27,741** in attorney's fees, and the Clerk is directed to enter judgment accordingly.

---

[*]Mr. Pantas has been a member of the Florida bar since 1993, and previously practiced in Pennsylvania.  He is also a member of the Illinois bar since 2002.  Doc. No. 70-2 at 1.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record